O
LINK TO DOC. # 86

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Granting Cross-Defendant Lei's Motion to Dismiss [86]**

Pending before the Court is Cross-Defendant Isaac Lei's Motion to Dismiss the Fifth and Tenth Causes of Action of Cross-Claimants Richard R. Oliphant's and Dennis D. French's First Amended Cross-Claim.  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court GRANTS the motion to dismiss without prejudice.

I.    <u>Background</u>

On December 18, 2006, Defendants Desert Gold Ventures, LLC ("Desert Gold"), Richard R. Oliphant ("Oliphant"), Dennis D. French ("French"), and Michael A. R. Mabugat ("Mabugat") (collectively, "Indemnity Defendants")[1] entered into an indemnity agreement ("Indemnity Agreement") with Plaintiff Travelers Casualty and Surety Company of America ("Travelers") in order to secure surety bonds for Desert Gold's construction project in Riverside County, California.  *See Compl.* ¶¶ 18-20.  In addition to the Indemnity Agreement, Defendant Top Finance of Arizona ("Top Finance") entered into an agreement with Desert Gold ("the Set-Aside Agreement"), which required Top Finance to set aside over $16 million ("the set-aside

---

[1] The other Indemnity Defendants include Northstar Resort Development, LLC, Jurassic Ventures, LLC, the Richard R. and Jan Oliphant Family Trust, the Dennis and Sharon French Family Trust, Janice A. Oliphant, Sharon A. French, and Teresa E. Mabugat.

O
LINK TO DOC. # 86

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

funds") to cover claims against Travelers in the event that Desert Gold defaulted on its obligations. *See id.* ¶¶ 20-24, Exs. B, C.

      In order to induce Oliphant's and French's consent to the Indemnity Agreement, Desert Gold and Mabugat allegedly assured them that, due to the set-aside funds, they "would have no financial exposure whatsoever under the Indemnity Agreement." *First Am. Cross-Complaint ("FACC")* ¶¶ 18, 20. After the Indemnity Agreement was signed, however, the "owner and controller"of Top Finance, Cross-Defendant Angela Chen Sabella ("Sabella"), allegedly diverted the set-aside funds for purposes that were not authorized by the Set-Aside Agreement. *See id.* ¶ 45.

      Desert Gold eventually defaulted on its obligations. *See Compl.* ¶ 26. However, when Travelers sought to recover a portion of the set-aside funds, Top Finance failed to transfer the requisite funds pursuant to the Set-Aside Agreement, and Indemnity Defendants failed to indemnify Travelers pursuant to the Indemnity Agreement. *See id.* ¶ 26, 29-30. Travelers sued Indemnity Defendants and Top Finance for breach of contract and related claims.

      After the commencement of the action, Cross-Claimants Oliphant and French (collectively, "Cross-Claimants") filed a cross-claim against Cross-Defendants Mabugat, Desert Gold, Top Finance, Paul W. Lewis, Desert Empire Insurance Services, Inc., Sabella, and Isaac Lei ("Lei") (collectively, "Cross-Defendants"). Cross-Claimants filed the FACC on November 17, 2009. Of the FACC's ten causes of action, only the claims for conspiracy to commit fraud (the fifth cause of action) and equitable indemnity (the tenth cause of action) are asserted against Lei. On, December 16, 2009, Lei filed a motion to dismiss the conspiracy and equitable indemnity cross-claims. In the alternative, Lei moves for a more definite statement.

II.   <u>Legal Standard</u>

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|----------|----------------------|------|-------------------|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Ashcroft*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Furthermore, Federal Rule of Civil Procedure 9(b) requires that a claim sounding in fraud be stated with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the complaint allege evidentiary facts, such as the time, place, persons, and statements, and explanations as to why the statements were misleading. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that the allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotation omitted)). In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading." *GlenFed.*, 42 F.3d at 1548; *see also Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).

III.   Cross-Defendant Lei's Motion to Dismiss

Lei moves to dismiss Cross-Claimants' fifth cause of action for conspiracy to commit

O
**LINK TO DOC. # 86**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

fraud and tenth cause of action for equitable indemnity.

    A.    <u>Conspiracy to Commit Fraud</u>

        Cross-Claimants fail to state a claim for conspiracy to commit fraud against Lei because (1) they allege insufficient facts and (2) the Agent's Immunity Rule bars a conspiracy claim against alleged agents.

        1.    <u>Insufficiency of the Allegations</u>

        Rule 9(b) imposes heightened pleading requirements where, as here, the object of the conspiracy is fraud. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007); *Ciba-Geigy*, 317 F.3d at 1102 ("When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim."). In order to state a claim for conspiracy to commit fraud, Cross-Claimants must allege sufficient facts to state a claim for both fraud and civil conspiracy. *See Mot.* 3:11-23; *Del E. Webb Corp. v. Structural Materials Co.*,123 Cal. App. 3d 593, 603 n.4, 176 Cal. Rptr. 824 (1981) ("A conspiracy to commit fraud is not itself a tort and such conduct is not actionable unless a fraud is in fact committed."). However, the Court need not address the allegations of fraud because Cross-Claimants fail to adequately allege Lei's participation in a civil conspiracy.

        The elements of civil conspiracy are: (1) the formation and operation of a conspiracy, (2) a wrongful act committed in furtherance of the conspiracy, and (3) damages resulting from the wrongful act. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062, 39 Cal. Rptr. 3d 516 (2006). The FACC includes several allegations regarding the conspiracy to defraud Cross-Claimants. First, Cross-Claimants allege that "Sabella, Mabugat, Lei and Top Finance conspired among themselves" to conceal the diversion of the set-aside funds. *See FACC* ¶ 46. Second, Cross-Claimants allege that "the conspiracy that was hatched between the alter egos and individuals controlling the alter egos of Cross-Defendants Mabugat, Lei and Sabella" was intended to misrepresent the true source of the set-aside funds. *See id.* ¶ 47. Third, Cross-Claimants allege that "Cross-Defendants, and each of them, through their respective agents, including representatives of Desert Gold and Top Finance," mislead Cross-Claimants into believing that the Set-Aside Agreement would indemnify them. *See id.* ¶ 48.

O
LINK TO DOC. # 86

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

These allegations do not satisfy the requirements of Rule 9(b). Cross-Claimants fail to specify when Lei agreed to join the conspiracy and what wrongful acts Lei committed in furtherance of the conspiracy. *See Ciba-Geigy*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997))). In the Opposition, Cross-Claimants offer the following additional allegations:

> Cross-Defendant Lei (the loan broker), acting on behalf of himself and other Cross-Defendants, took actions individually to circumvent the requirements of the set-aside agreement by writing checks to contractors, and others, including other Cross-Defendants, thereby further obfuscating the fact that the account had not been set up and that the funds['] control disbursement agent could not perform his job.

*Opp.* 4:12-17. Even assuming the sufficiency of these allegations, they are nowhere to be found in the pleadings. Thus, the Court will not take these allegations into account.

Furthermore, Cross-Claimants fail to disaggregate the Cross-Defendants and describe each party's role in the alleged conspiracy. Cross-Claimants point to paragraphs in the FACC that specify misrepresentations made by other Cross-Defendants or by "Cross-Defendants" collectively to allege that they properly pleaded the elements of conspiracy. *See Opp.* 4:22-6:25.[2] However, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations of his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65 (citation and internal quotation omitted). When alleging fraud against multiple defendants, a plaintiff "must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989)).

In this case, Cross-Claimants do not differentiate their allegations against Lei, inform Lei separately of the allegations surrounding his alleged participation in the fraud, or identify Lei's role in the alleged misrepresentations. In fact, the Opposition reaffirms the insufficiency of the

---

[2] The Court observes, as noted by Lei, that the Opposition provides numerous incorrect citations to the FACC. *See Reply* 2:25-4:16.

O
LINK TO DOC. # 86

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

conspiracy claim against Lei by stating that the "who" behind the fraudulent conspiracy is "[a]ll Cross-Defendants." *See Opp.* 7:22-23.[3]  Cross-Claimants do not show how Lei personally took part in the alleged fraudulent scheme and, therefore, fail to satisfy the heightened pleading standards of Rule 9(b).

2.    Agent's Immunity Rule

Alternatively, Lei argues that Cross-Claimants' allegations that Lei was acting as an agent of the other Cross-Defendants would bar the conspiracy under the Agent's Immunity Rule.  *Mot.* 5:3-17.  According to the Agent's Immunity Rule, "an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal."  *Gardner v. UICI*, 508 F.3d 559, 562 n.4 (9th Cir. 2007) (citing *Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 817, 32 Cal. Rptr. 3d 325 (2005)).  In this case, the FACC contains several allegations that Lei was an agent of the other Cross-Defendants.  *See FACC* ¶ 39 ("[A]t all times . . . mentioned [in the FACC] . . . said Cross-Defendants, and each of them, were acting within the course and scope of such agency and employment and with the express permission of each other."); *see also id.* ¶¶ 45, 49(D) (repeating the agency allegations).  Because the FACC plainly states that Lei acted as Sabella's agent, the Agent's Immunity Rule would preclude Cross-Claimants' claim against Lei for conspiracy to commit fraud.

In the Opposition, Cross-Claimants offer several unconvincing arguments to save the conspiracy claim against Lei from the Agent's Immunity Rule.  First, Cross-Claimants argue that "there could never be [a] conspiracy among individuals acting in concert with one another."  *Opp.* 8:28-9:1.  However, not all alleged conspiracies implicate the principles of agency.  In this case, Cross-Claimants chose to allege that Lei was an agent of the other Cross-Defendants.

---

[3] Cross-Claimants cite *Barney v. Aetna Cas. & Surety Co.*, 185 Cal. App. 3d 966, 230 Cal. Rptr. 215 (1986) to support their contention that "[i]t is not necessary that each of the members of the conspiracy make all of the representations in order for all of them to be held liable for wrongful statements made by one of them."  *Opp.* 7:7-11.  However, *Barney* does not relax the pleading requirements under Rule 9(b).  Furthermore, as Lei argues, *Barney* did not involve a claim for conspiracy to commit fraud; rather, that case involved claims for breach of the covenant of good faith and fair dealing and civil conspiracy to commit legal malpractice.  *See Reply* 8:8-10 (citing *Barney*, 185 Cal. App.3d at 970).

O
**LINK TO DOC. # 86**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4224 PSG (AJWx) | Date | February 10, 2010 |
|---|---|---|---|
| Title | Travelers Casualty and Surety Company of America v. Desert Gold Ventures, LLC | | |

Indeed, Cross-Claimants note in the Opposition that the Agent's Immunity Rule typically applies in the employment context and that "[s]uch is not the case here." *See id.* 9:1-4. Yet, in the FACC, Cross-Defendants are alleged to have been "at all times . . . acting within the course and scope of such agency and *employment*." *FACC* ¶ 39 (emphasis added). Second, Cross-Claimants argue that the Agent's Immunity Rule does not apply when an agent acts for their own benefit. *See Opp.* 9:4-9 (citing *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 45, 260 Cal. Rptr. 183 (1989)). However, the FACC does not allege any facts to suggest that Lei acted for his own benefit. For these reasons, the Court GRANTS Lei's motion to dismiss the fifth cause of action for conspiracy to commit fraud without prejudice.

　　B.　　Equitable Indemnity

　　The doctrine of equitable indemnity "is applied to multiple *tortfeasors* to apportion loss in relation to their relative culpability." *Baird v. Jones*, 21 Cal. App. 4th 684, 690, 27 Cal. Rptr. 2d 232 (1993) (emphasis added). As Cross-Claimants fail to state a claim for conspiracy to commit fraud against Lei, they necessarily fail to allege that Lei committed a tort for which a claim of equitable indemnity could stand. Therefore, the Court GRANTS Lei's motion to dismiss the tenth cause of action for equitable indemnity without prejudice.

IV.　　Conclusion

　　Based on the foregoing, the Court GRANTS Cross-Defendant Lei's motion to dismiss. Cross-Defendant Lei's motion for a more definite statement is hereby rendered moot.

　　Cross-Claimants may file an amended cross-claim with 21 days of this order. If Cross-Claimants fail to file an amended cross-claim by March 3, 1010, the cross-claims against Cross-Defendant Lei will be dismissed with prejudice.

　　**IT IS SO ORDERED.**